# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | )<br>) |
| Plaintiff, | ) Civil Action No. 18-1558<br>) |
| vs. | )<br>) |
| SUPERINTENDENT GILMORE, MR. HAMMER, PA-C; CHCA STEPHANIE WOOD, BSN MBA, CCHP; CHCA NICHOLSON, DIRECTOR MS. SMITH, ARE ALL BEING SUED IN HIS OR HER INDIVIDUAL CAPACITIES AND OFFICIA; CAPACITIES UNDER THE UNITED STATES DECLARED PENALTY OF PERJURY;, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CONTI, Senior District Judge**

### I.     Introduction

Pending before the court in this prisoner civil rights action filed under 42 U.S.C. § 1983 ("§ 1983") are objections (ECF Nos. 8, 47) to the magistrate judge's memorandum orders (ECF Nos. 6, 33), denying the motion to appoint counsel (ECF No. 4) and motion for preliminary injunction (ECF No. 10) filed by pro se plaintiff Jerome Junior Washington ("plaintiff"). The court conducted a de novo review of the complaint, plaintiff's motions, the responses filed by defendants, the magistrate judge's memorandum opinions and orders, and plaintiff's objections. For the reasons set forth in this opinion, plaintiff's objections to the magistrate judge's memorandum orders will be denied.

## II. Procedural History

Plaintiff, who is a prisoner detained at State Correctional Institution Greene ("SCI Greene"), initiated this action on November 19, 2018, by filing a one-count complaint against employees of SCI Greene: "Superintendent Gilmore" ("Gilmore"), "Mr. Hammer" ("Hammer"), "CHCA Stephanie Wood" ("Wood"), "CHCA Nicholson" ("Nicholson"), and "Director Ms. Smith" ("Smith" and collectively with Gilmore, Hammer, Wood, and Nicolson, "defendants"). (ECF No. 3.) Plaintiff in the complaint sets forth a § 1983 claim against defendants for deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. (ECF No. 3 at 1, 14.)

On November 27, 2018, plaintiff filed a request for appointment of counsel. (ECF No. 4.) In a memorandum order dated November 30, 2018, the magistrate judge issued a memorandum order denying the motion to appoint counsel. (ECF No. 6.) The magistrate judge reasoned that this "case is very straightforward and does not present complex issues of fact." (ECF No. 6 at 3.) On December 13, 2018, plaintiff filed objections, which this court will consider an appeal[1] of the magistrate judge's memorandum order, to the memorandum order. (ECF No. 8.)

On January 18, 2019, the case was stayed in light of the shutdown of the federal government. (ECF No. 9.) On January 24, 2019, plaintiff filed an emergency motion for preliminary injunction. (ECF No. 10.) On February 21, 2019, the case was reopened because the government shutdown ended. (ECF No. 11.) On April 2, 2019, defendants filed an answer to the complaint. (ECF No. 18.) On April 22, 2019, Hammer and Smith filed a response in opposition to the motion for preliminary injunction. (ECF No. 23.) On the same day, Gilmore, Nicholson,

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] judge of the court may reconsider any pretrial matter…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

and Wood filed a response in opposition to the motion for preliminary injunction. (ECF No. 24.) On May 7, 2019, the magistrate judge issued a memorandum order, which the court will treat as proposed findings of fact and conclusions of law,[2] denying the motion for preliminary injunction. (ECF No. 33.) On May 7, 2019, plaintiff filed an "objection" to the response in opposition to the motion for preliminary injunction filed by Gilmore, Nicholson, and Wood. (ECF No. 37.) On May 16, 2019, plaintiff filed an objection to the magistrate judge's memorandum order denying his motion for preliminary injunction. (ECF No. 47.)

Plaintiff's objections to the magistrate judge's memorandum orders are now ripe to be decided by the court.

### III.     Standard of Review

The magistrate judge's memorandum order denying the motion to appoint counsel, which is a pretrial matter pending before the court, is subject to the standard of review set forth in 28 U.S.C. § 636(b)(1)(A). Section 636(b)(1)(A) provides: "A judge of the court may reconsider any pretrial matter under this subparagraph…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." "Objections" to a magistrate judge's memorandum order under § 636(b)(1)(A) are considered an "appeal" to the district court judge.

Plaintiff's motion for preliminary injunction is excluded from the matters which the magistrate judge may hear and determine in the first instance. 28 U.S.C. § 636(b)(1)(A). A magistrate judge, however, may "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of the court, of any motion…[for injunctive

---

[2]     Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), a district court judge may "designate a magistrate judge to…submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion [for injunctive relief]."

3

relief]." 28 U.S.C. § 636(b)(1)(B). When objections to proposed findings of fact and recommendations have been filed under 28 U.S.C. § 636(b)(1)(B), the court must make a de novo determination of those portions of the report to which objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989); FED. R. CIV. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(B).

The court will consider in turn plaintiff's appeal of the magistrate judge's memorandum order denying the motion to appoint counsel and plaintiff's objections to the magistrate judge's proposed findings of fact and conclusions of law.

### IV. Motion to Appoint Counsel

It is well established that an indigent litigant has no statutory right to appointed counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.1993). Under 28 U.S.C. § 1915(e)(1), however, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Whether or not such a request is warranted is a matter of discretion and must be made on a case-by-case basis. Tabron, 6 F.3d at 157–58.

In determining whether to request counsel, the United States Court of Appeals for the Third Circuit has set forth certain factors for the court to consider. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir.1997). As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Id. Once the court is satisfied that the claim has some merit, the court considers the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155–56); Houser v. Folino, No. 16-2242, 2019 WL 2518494, at *3 (3d Cir. June 19, 2019). "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

At issue in this case is whether defendants violated plaintiff's Eighth and Fourteenth Amendment rights to be free of cruel and unusual punishment by failing to provide him with adequate medical care. To succeed on his claim, plaintiff must demonstrate: (1) a serious medical need; and (2) that defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Deliberate indifference exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999). Inconsistencies or differences in medical diagnoses, short delays unaccompanied by arbitrary or unduly burdensome bureaucratic procedures, and the refusal to summon the medical specialist of the inmate's choice, perform tests or procedures that the inmate desires, or to explain to the inmate the reason for medical action or inaction, however, do not amount to cruel and unusual punishment. Maqbool v. University Hosp. of Medicine & Dentistry of New Jersey, Civil Action No. 11–4592, 2012 WL 2374689, at *9 (D.N.J. June 13, 2012). Likewise, allegations of negligence or medical

malpractice do not amount to cruel and unusual punishment. Spruill, 372 F.3d at 235 (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable). As such, allegations that the inmate was provided with medical care, but the care was "inadequate" are insufficient to state a cognizable claim. Taylor v. Visinsky, 422 F. App'x 76, 78 (3d Cir. 2011).

The magistrate judge did not directly opine on the merits of plaintiff's claims. Her denial of plaintiff's request was based upon the Tabron factors. The magistrate judge explained:

> The case is very straightforward and does not present complex issues of fact. It is similar to the many other cases that have been filed by this Plaintiff. The determinations involved may impact other prisoners. At this early stage it is not clear whether the claims will reach jury. Should that occur, the court will reconsider and try to find counsel to represent the plaintiff.

(ECF No. 6 at 4.) The magistrate judge also found that plaintiff did not make a sufficient showing of mental incompetency to warrant the appointment of counsel in this case. (Id. at 4.)

Plaintiff objects to the magistrate judge's finding that this case is straightforward. (ECF No. 8.) He argues: the case requires investigation into his medical history, the prison grievance system, and defendants' licenses and other complaints made against them; an MRI of defendant is necessary; and an expert witness will be required to understand plaintiff's medical history. (Id.) With respect to plaintiff's concerns about the investigation required in this case, plaintiff will be permitted to conduct discovery within the bounds of Federal Rule of Civil Procedure 26. He may request during discovery evidence about his medical history and SCI Greene's grievance system. He may also request information (within the bounds of Rule 26) about defendants and depose them. Plaintiff has first hand knowledge of many of the facts pertinent to his claims. Plaintiff, who has filed at least eight other lawsuits, does not require the assistance of counsel to obtain the information he alleges is required in this case.

6

With respect to plaintiff's need for expert testimony, expert testimony is not required to prove a serious medical need where the plaintiff can prove that his medical need is "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Monmouth Cnty. Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979)). Here, the court at this stage cannot determine whether plaintiff will require expert testimony to prove his serious medical needs or that an MRI will be necessary for plaintiff to succeed on his claims. Plaintiff in the complaint alleges that he has arthritis, glaucoma, cataracts, and rectal bleeding. Plaintiff may be able to prove the arthritis, glaucoma, and cataracts are serious medical needs if he was diagnosed with those ailments by a physician and told they required treatment. He may be able to prove the rectal bleeding is a serious medical need because it is so obvious that a lay person would easily recognized the need for medical attention. Thus, the court cannot conclude at this stage that plaintiff will require expert testimony to provide the first prong of his claim.

With respect to the deliberate indifference prong of plaintiff's claims, the Third Circuit Court of Appeals has recognized that there are two kinds of Eighth Amendment deliberate indifference claims: (1) claims based upon inadequate medical treatment; and (2) claims based upon delay or complete denial of medical care. Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) (citing United States ex. Rel. Walker v. Fayette Cty., 599 F.2d 573, 575 n.2 (3d Cir. 1979)). An adequacy of care claim has "two very distinct components to the deliberate indifference prong of an adequacy of care claim[:]" (1) "adequacy of medical care—an objective inquiry where expert testimony could be helpful to the jury[;]" and (2) "the individual defendant's state of mind—a subjective inquiry that can be proven circumstantially without

expert testimony." Id. at 535-36. The court of appeals has instructed "that medical expert testimony may be necessary to establish deliberate indifference in an adequacy of care claim where, as laymen, the jury would not be in a position to determine that the particular treatment or diagnosis fell below a professional standard of care." Id. at 536. In other words, "medical expert testimony may be necessary in some adequacy of care cases when the propriety of a particular diagnosis or course of treatment would not be apparent to a layperson." Id. at 537.

With respect to a delay or denial or of care claim, the court of appeals explained:

> [A] delay or denial of medical treatment claim must be approached differently than an adequacy of care claim. Fayette Cty., 599 F.2d at 575 n.2. Unlike the deliberate indifference prong of an adequacy of care claim (which involves both an objective and subjective inquiry), the deliberate indifference prong of a delay or denial of medical treatment claim involves only one subjective inquiry—since there is no presumption that the defendant acted properly, it lacks the objective, propriety of medical treatment, prong of an adequacy of care claim. Absent that objective inquiry, extrinsic proof is not necessary for the jury to find deliberate indifference in a delay or denial of medical treatment claim. All that is needed is for the surrounding circumstances to be sufficient to permit a reasonable jury to find that the delay or denial was motivated by non-medical factors. See, e.g., Durmer, 991 F.2d at 68-69; United States v. Michener, 152 F.2d 880, 885 (3d Cir. 1945) ("[I]t is for the jury to determine the weight to be given to each piece of evidence ... particularly where the question at issue is the credibility of the witness.").

Id. at 537.

Plaintiff in the complaint alleges that at times he was refused medical care, his medical care was delayed, *and* that he received inadequate care. (ECF No. 3.) Thus, plaintiff may require expert testimony to prove his claims. At this preliminary stage, however, the court cannot conclude with certainty that plaintiff will require expert testimony; indeed, there is a motion to dismiss pending before the magistrate judge, the resolution of which will likely clarify the factual basis of plaintiff's claims. As the magistrate judge recognized: "As a pro se litigant plaintiff will have the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings." (ECF No. 6 at 5.) The magistrate judge's memorandum order

denying the motion to appoint counsel is not, therefore, clearly erroneous or contrary to law and will be affirmed. Plaintiff, however, may file a renewed motion for counsel at the close of discovery.

**V. Motion for Preliminary Injunction**

**A. Background**

In plaintiff's emergency motion for preliminary injunction he requests an "expert witness" to examine his medical injuries and for an MRI, i.e., to do "outside testing to detect chronic…injuries that SCI-Greene doctors can't detect through their medical method or process of trying to assess…the plaintiff ['s] injuries." (ECF No. 10 at 1.) Plaintiff complains of being dizzy and light-headed, having a sore and dry throat, and continuously bleeding from his rectum. (Id.) Defendants filed responses to plaintiff's motion for preliminary injunction. (ECF Nos. 23 and 24.) Smith, a doctor at SCI Greene, and Hammer, a physician assistant at SCI Greene, responded that plaintiff did not satisfy his significant burden for a preliminary injunction because according to plaintiff's medical records, his rectal and penal bleeding was the result of hemorrhoids for which plaintiff was receiving treatment, and November 2018 was the last time plaintiff made a complaint about rectal or penal bleeding to officials at SCI Greene. (ECF No. 23.) Gilmore, Wood, and Nicholson, corrections officers at SCI Greene, argue that plaintiff did not satisfy his burden to show entitled to a preliminary injunction because his medical records and motion for preliminary injunction show that he was receiving care for his medical needs. (ECF No. 24 ¶ 21.) Gilmore, Wood, and Nicholson argue that, in any event, the court is without authority to appoint or pay for an indigent plaintiff's expert witness. (Id. ¶ 24 (citing Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987); Victor v. Lawler, Civ. Action No. 08-1374, 2011 WL 722387, at *3 (M.D. Pa. Feb. 18, 2011).)

9

On May 7, 2019, the magistrate judge denied plaintiff's motion for preliminary injunction. (ECF No. 33) The magistrate judge personally observed plaintiff in March 2019 (during a trial unrelated to this case) and in this case conducted an in camera review of his medical records, which showed plaintiff last complained of rectal bleeding and was treated for hemorrhoids in November 2018. (Id. at 4.) The magistrate judge held that under those circumstances, plaintiff did not satisfy his burden to show that a preliminary injunction is warranted in this case because, among other reasons, plaintiff is not in immediate danger of irreparable harm and he "is not entitled under the law to a doctor of his choosing." (Id. at 4.) On May 7, 2019, plaintiff filed objections to the magistrate judge's ruling on his motion for preliminary injunction. (ECF No. 37.)

**B. Plaintiff's Arguments Properly Before the District Court**

This court's local rules provide that a party objecting to a magistrate judge's proposed findings, recommendations, or report "shall specifically identify the portions of the…recommendations or report to which objection is made and the basis for such objections." LCvR 72(D)(2). Here, plaintiff did not object to specific portions of the magistrate judge's opinion; rather, he reasserts the allegations from his complaint and additional allegations not set forth in the complaint. The issues raised by plaintiff in his motion for preliminary injunction are more discrete and limited than the allegations in his complaint or in the motion for preliminary injunction. Compare (ECF No. 10 ("motion for preliminary injunction")) (plaintiff complaining about being dizzy, light-headed, having a dry mouth and sore throat and continuous blood loss from the rectum) with (ECF No. 47 (plaintiff complaining about have a "MRSA" infection, his knees, elbows, muscle tears, curved spine, glaucoma, arthritis, and male breast implants)). In other words, plaintiff in his objections to this court raises new issues that were not before the magistrate judge in the motion for preliminary injunction. Thus, the magistrate judge and defendants did not have an

opportunity to address the additional arguments raised by plaintiff in his objections.

While district courts may have the authority to consider legal arguments raised for the first time in objections to rulings by a magistrate judge, "the ordinary attitude should be to refuse to entertain objections based on legal arguments that were not presented to the magistrate judge." 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. 2014). One treatise has explained:

> The goal of referral to a magistrate judge is to expedite decision and remove burdens from the district judge. That goal could be subverted—and magistrate judges undermined—if parties could hold back arguments from the magistrate judge and present them later to the district judge.

Id. Under those circumstances, the undersigned district court judge will not consider arguments raised by plaintiff in his objections to the magistrate judge's opinion that were not presented to the magistrate judge in the motion for preliminary injunction. See Clark v. Fisher, No. CIV.A. 10-204, 2011 WL 6000795, at *2 (W.D. Pa. Nov. 30, 2011) ("Claims raised for the first time in objections to a Report and Recommendation are not properly before the district court.") (collecting decisions); Mearin v. Vidonish, No. CIV.A. 08-597, 2011 WL 2610917, at *1 (W.D. Pa. July 1, 2011), aff'd, 450 F. App'x 100 (3d Cir. 2011) ("Where issues or arguments are raised for the first time in objections, they are waived.") (collecting decisions).

The court will, however, review plaintiff's motion for preliminary injunction de novo. 28 U.S.C. § 636(b)(1)(B).

**C. Applicable Law**

A preliminary injunction is an "extraordinary remedy" that is largely within the discretion of the trial court. Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). In the district court's exercise of discretion, it must "pay particular regard for the public consequences" of providing such relief. Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). The court

considers four factors in determining whether to grant a preliminary injunction. A party seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citing Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999)). "Furthermore, a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a 'clear showing of immediate irreparable harm.'" Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (quoting Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)).

Parties seeking a preliminary injunction are charged with making a "clear showing" of entitlement to relief. Winter, 555 U.S. at 22. Demonstrating a likelihood of success on the merits requires only that the party "prove a prima facie case, not a certainty that he or she will win." Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 173 (3d Cir. 2001) (citing 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2948.3 (2d ed. 1995)). Entitlement to interlocutory injunctive relief, however, is the exception and not the norm. One court has explained:

> "[F]requently [it] is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J.1986). Also, it is a movant's burden to show that the "preliminary injunction

12

must be the only way of protecting the plaintiff from harm." Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992).

Emile v. Sci-Pittsburgh, No. CIV A 04-974, 2006 WL 2773261, at *6 (W.D. Pa. Sept. 24, 2006).

"[A] request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration." Artis v. Byunghak Jin, No. CIV.A. 13-1226, 2013 WL 5936434, at *3 (W.D. Pa. Nov. 5, 2013). The court in Artis explained:

> In the past, inmates have frequently sought preliminary injunctive relief compelling prison officials to take certain actions with respect to them during the pendency of a lawsuit. Yet, such requests, while often made, are rarely embraced by the courts. Instead, applying Rule 65's exacting standards courts have frequently held that prisoner-plaintiffs have not shown that they are entitled to use a motion for preliminary injunction as a vehicle to compel prison officials to provide them with some specific relief and services pending completion of their lawsuits. See, e.g., Messner v. Bunner, No. 07–112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009) (denying inmate preliminary injunction); No. 08–128E, 2008 WL 4500482 (W.D.Pa.Oct.7, 2008) (denying inmate preliminary injunction); No. 04–974, 2006 WL 2773261, *6 (W.D.Pa. Sept.24, 2006) (denying inmate preliminary injunction).
>
> In particular, courts have been reluctant to accept inmate invitations to use preliminary injunctions as a means to judicially prescribe specific medical courses of treatment for inmates. In such instances, courts have typically declined such requests citing the inmate's failure to either demonstrate irreparable harm; Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir.2009), Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir.2008), or show a likelihood of success on the merits. Quinn v. Palakovich, 204 F. App'x 116 (3d Cir.2006).

Id.

### C. Discussion

Plaintiff in his motion for preliminary injunction did not satisfy his burden to show there is a likelihood that he will be successful on his § 1983 claim against defendants for deliberate indifference to his serious medical needs. Plaintiff in the motion for preliminary injunction requests a physical examination by a doctor outside SCI Greene, including an examination of his rectum and an MRI scan for his dizziness, dry and sore throat, and continuous blood loss from his

13

rectum. A review of his medical records, however, shows that the last time he complained to officials at SCI Greene about any of those medical issues was in November 2018 when he complained about rectal bleeding. At that time, Hammer discussed with plaintiff his "normal" urine test results and ordered plaintiff hemorrhoid cream for the rectal bleeding.

To succeed on his § 1983 claim, plaintiff must prove that a state official acted deliberately indifferent to his serious medical needs. Defendant may be able to prove that he had a serious medical need because he was bleeding from his rectum.[3] At this stage, however, plaintiff did not satisfy his burden to show that it is likely that he will be able to prove that Hammer or other defendants acted deliberately indifferent to that need. Plaintiff reported to medical that he had rectal bleeding, he was diagnosed with hemorrhoids,[4] Hammer prescribed plaintiff hemorrhoid cream, and Hammer ordered plaintiff to follow up with medical upon completion of treatment. As the magistrate judge recognized, plaintiff's "mere disagreement over…[defendants'] medical judgment[s]" do not entitle plaintiff to the relief that he seeks. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). There exists "deference to prison medical authorities" and an "assumption that…an informed judgment has…been made." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979)). Prison medical officials are, therefore, afforded "considerable latitude…in the

---

[3] With respect to plaintiff's complaint about dizziness and a dry or sore throat, he did not satisfy his burden to show that those are the kinds of serious medical conditions that place him in danger of immediate harm. Rivera v. Pennsylvania Dep't of Corr., 346 F. App'x 749, 750 (3d Cir. 2009) ("Rivera has not demonstrated that either of his illnesses [i.e., upset stomach and a skin condition,] is the type of serious medical condition which places him in danger of immediate harm."); Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008) ("Rush has failed to demonstrate that his atrophied shoulder is the type of serious medical condition which places him in danger of immediate harm."); Cruz v. Med. Dep't Staff, No. CIV.A. 14-4078 MAS, 2014 WL 6884246, at *3 (D.N.J. Dec. 4, 2014) (finding a "vague allegation" that the plaintiff suffered from dizziness was "not sufficient to demonstrate a 'serious medical need'").

[4] Plaintiff's medical records from November 6, 2018, provide that his rectal bleeding is "consistent" with having hemorrhoids.

14

diagnosis and treatment of the medical problems of inmate patients." Id. In other words, "[a] court may not substitute its own judgment for diagnosis and treatment decisions made by prison medical staff members." Maynard v. N.J., 719 F.Supp. 292 (D.N.J. 1989). Under those circumstances, the court concludes that plaintiff did not establish a likelihood of success on the merits with respect to his § 1983 claim based upon prison officials acting deliberately indifferent to his serious medical needs.

The court also concludes that plaintiff did not carry his burden to show that he will suffer immediate and irreparable harm if he does not receive a medical examination from a doctor outside SCI Greene prior to the conclusion of this case. The magistrate judge personally observed plaintiff in court in March 2019, four months after plaintiff was last seen for rectal bleeding by the medical staff at SCI Greene, and three months after plaintiff filed his motion for preliminary injunction. The magistrate judge concluded that based upon her personal observations of plaintiff and the review of his medical notes, which reflect that he last complained of rectal bleeding in November 2018, plaintiff did not satisfy his burden to show that he is immediate danger and will suffer irreparable harm without receiving outside medical examination prior to the conclusion of the merits of this case. Plaintiff argues in his objections that while he was on the stand at the trial in the unrelated case in March 2019, he testified that he "has a lot of injuries" and his lawyer instructed him "not to say nothing about…[his] medical injuries." (ECF No. 47 at 9.) Plaintiff, however, did not set forth any argument to challenge the magistrate judge's finding that her personal observation of plaintiff in March 2019 supports her opinion that that he failed to show that he is in immediate danger as a result of defendants' deliberate indifference to his serious medical needs.

Plaintiff also failed to carry his burden with respect to the third and fourth elements of a

15

claim for preliminary injunctive relief. Granting plaintiff injunctive relief at this stage will result in greater harm to defendants due to the interest of prison officials in running their facilities and making informed, professional decisions about the care received by the inmate patients. The record thus far shows that plaintiff made complaints about rectal bleeding to prison officials, was examined, received a diagnosis of hemorrhoids, received treatment for hemorrhoids, and was instructed to follow up with prison officials upon completion of treatment. Ordering that plaintiff be examined by a medical doctor outside SCI Greene in those circumstances would interfere with the prison's ability to provide care for its inmates. Based upon the foregoing, the public interest does not weigh in favor of granting plaintiff preliminary injunctive relief due to the public interest in having prison officials maintain control and authority over their operations and the medical care received by inmates.

For the foregoing reasons, plaintiff's objections to the magistrate judge's proposed findings of fact and conclusions of law recommending the court deny his motion for preliminary injunction will be denied and the proposed findings of fact and conclusions of law adopted as the opinion of the court.

An appropriate order will be entered.

BY THE COURT,

Dated: June 25, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge