IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | ) |
| Plaintiff, | ) Civil Action No. 18 – 1558 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT GILMORE, MR. HAMMER, CHCA STEPHANIE WOOD, CHCA NICHOLSON and DIRECTOR MS. SMITH, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff Jerome Junior Washington ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections. He initiated this *pro se* prisoner civil rights action in November 2018. (ECF No. 1.) His Complaint alleges violations of the Eighth Amendment in relation to the Defendants handling of his medical needs from January 2018 to August 2018. (ECF No. 3.) On November 22, 2019, this Court granted the Motion to Dismiss filed by the Medical Defendants Hammer and Smyth[1] after finding that Plaintiff had failed to state a claim against them upon which relief could be granted. The Court also dismissed the other Defendants, Gilmore, Wood and Nicholson, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 80.) On appeal, the Third Circuit Court of Appeals affirmed in part and vacated in part this Court's Order dated November 22, 2019. (ECF Nos. 87, 88.) Specifically, it vacated insofar as it applied to Plaintiff's claims of deliberate indifference with respect to treatment of his hemorrhoids and arthritis by Medical Defendants Hammer and Smyth. (ECF No. 88-1.) On

---

[1] Identified as "Ms. Smith" in the Complaint.

remand, a judicial settlement conference was held on March 9, 2021, which did not resolve the case.  (ECF No. 91.)  Medical Defendants Hammer and Smyth then filed a Motion for Summary Judgment on October 27, 2021.  (ECF No. 118.)  After he was granted an extension of time, Plaintiff was ordered to file his brief in opposition to summary judgment by January 3, 2022.  (ECF Nos. 122, 123.)  When no brief was filed, the Court then ordered Plaintiff to file his brief by April 27, 2022, and it warned him that his failure to do so may result in the dismissal of this action for his failure to prosecute.  (ECF No. 124.)  As of today, Plaintiff has not filed his brief in opposition to summary judgment or otherwise requested an extension of time to do so.

### A. **Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order."  Qadr v. Overmyer, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also* Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'"  Qadr v. Overmyer, No. 15-3090, 642 F. App'x 100 at 103 (quoting Briscoe, 538 F.3d at 258).  Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'"  Id.  (quoting Briscoe, 538 F.3d at 258).

By Order dated October 28, 2021, Plaintiff was warned that the failure to respond to the pending Motion for Summary Judgment could result in the dismissal of this action for his failure to prosecute.  (ECF No. 121.)  By Order to Show Cause dated April 6, 2022, Plaintiff was again warned that the failure to file his brief could result in the dismissal of this action for failure to prosecute.  (ECF No. 124.)  Having been given ample opportunity to comply with the Court's order, Plaintiff has failed to file his brief in opposition to the Motion for Summary Judgment or otherwise inform the Court as to why he was unable to do so by the deadline.

**1. The *Poulis* Factors**

In Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted).  In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint.  Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).  However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019).  The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort."  Poulis, 747 F.2d at 867-68, 869 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639,

643 (1976)).  "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome."  Hildebrand, 923 F.3d at 132.

### 2. Application of the *Poulis* Factors

#### a. The extent of the party's personal responsibility.

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."  Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994).  In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility."  Hildebrand, 923 F.3d at 133 (citing Poulis, 747 F.2d at 868).  A plaintiff is not conjecturally responsible for her counsel's delay.  Id.  Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'"  Id. at 138 (quoting Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002)).

Here, Plaintiff is proceeding *pro se*, so the responsibility for failing to comply with orders is his alone.  Thus, this factor weighs in favor of dismissal.

#### b. Prejudice to the adversary.

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive.  Hildebrand, 923 F.3d. at 134.  "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'"  Id. (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)).  A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal."  Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).  If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal.  Id.  (citation omitted).

Here, the Medical Defendants have already spent considerable time and effort litigating this case. However, they have already filed for summary judgment, so there is no further action required on their part unless this case survives summary judgment. Therefore, apart from the expenses already incurred, their desire to seek a timely resolution of this case and the frustration of having to wait through the delay caused by Plaintiff's inaction, the Medical Defendants have suffered no prejudice due to Plaintiff's failure to file his brief in opposition to summary judgment. As such, the second *Poulis* factor weighs at least slightly in favor of dismissal.

### c. A history of dilatoriness.

A history of dilatoriness is generally established by repeated "delay or delinquency." Adams, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. Hildebrand, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. Adams, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing …. " Id. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" Hildebrand, 923 F.3d at 135 (quoting Adams, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. Id.

While Plaintiff does not have a history of dilatoriness, he has failed to comply with all Court-ordered deadlines in this case since October 2021 and has not communicated with the Court in this case since December 2021.[2] This is sufficient evidence, in the Court's view, to

---

[2] The Court notes that Plaintiff has complied with deadlines and has been responsive in his other cases. *See*, *e.g.*, Civil Actions 18-340, 18-342, 18-1209, 18-1390, 19-1460, 19-1461.

indicate that Plaintiff no longer desires to proceed with this action. Thus, this factor weighs in favor of dismissal.

### d. Whether the party's conduct was willful or in bad faith.

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." Id. (citing Scarborough, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' id. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." Hildebrand, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." Id. at 136.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. There is no record of the Court's orders being returned to the Court as undeliverable so the undersigned must assume that Plaintiff's failure to comply with them was willful.[3] Therefore, this factor weighs in favor of dismissal.

### e. Effectiveness of sanctions other than dismissal.

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." Id. (citing Briscoe, 538 F.3d at 262). The court should also provide an analysis

---

[3] In addition, he has received mail at this institution in his other cases and has been responsive to orders.

of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." Id.  In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." Poulis, 747 F.2d at 866 (citations omitted).  "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." Hildebrand, 923 F.3d at 136.  They are not required to be "completely ameliorative." Id.

Plaintiff is proceeding *in forma pauperis* in this case so it is unlikely that any sanction imposing costs or fees upon him would be effective.  Furthermore, Plaintiff's failure to prosecute this action even in the face of an Order to Show Cause leads to an inference that further orders to Plaintiff would not be effective.  Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

### f. Meritoriousness of claim or defense.

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" Adams, 29 F.3d at 876.  The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis.  Id. at 869-70. Since the Third Circuit determined that at least some of Plaintiff's claims stated a claim, the Court cannot say that those claims do not have legal merit.  But, in the Court's view, consideration of this factor cannot save Plaintiff's case since he is now wholly noncompliant with his obligations as a litigant.  Furthermore, after reviewing the pending Motion for Summary Judgment and supporting records, the Court has determined that Plaintiff's claims would not survive if it were to move forward and rule on the merits since all facts asserted by Defendants would be deemed admitted given Plaintiff's lack of a response.  It is clear from the records that Defendants have provided to support their Motion for Summary Judgment that Plaintiff was

provided with considerable and thorough medical treatment from medical providers, including Medical Defendants Dr. Smyth and PA Hammer, for his chronic bowel and arthritic issues, as well as medical treatment he required due to self-harm.  The Court has many other pending motions on its docket, including upcoming jury trials in three other cases filed by Plaintiff (Civil Actions 18-340, 180-342, 18-1209) and ruling on the Motion's merits would be a waste of judicial resources when it clearly appears that Plaintiff has consciously abandoned this action.

### 3. Conclusion

In summary, the majority of the six *Poulis* factors weigh in favor of dismissal, and the Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if Plaintiff fails to comply with orders issued by this Court.  Therefore, this action will be dismissed with prejudice for Plaintiff's failure to prosecute.  A separate Order follows.

Dated:  June 10, 2022.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Jerome Junior Washington
      HV-0282
      SCI Rockview
      Box A
      1 Rockview Place
      Bellefonte, PA  16823

      Counsel for Defendants
      (Via CM/ECF electronic mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME JUNIOR WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18 – 1558 |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT GILMORE, MR. HAMMER, CHCA STEPHANIE WOOD, CHCA NICHOLSON and DIRECTOR MS. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 10th day of June, 2022, and for the reasons stated in the Memorandum Opinion issued contemporaneously herewith,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Medical Defendants' Motion for Summary Judgment (ECF No. 118) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Plaintiff desires to appeal from this Order he must do so within thirty (30) days by filing an appeal as provided for in Federal Rule of Appellate Procedure 3.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Jerome Junior Washington
HV-0282
SCI Rockview
Box A
1 Rockview Place
Bellefonte, PA  16823

Counsel for Defendants
(Via CM/ECF electronic mail)