IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME JUNIOR WASHINGTON, | ) | |
| | ) | Civil Action No. 18 – 1558 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MR. HAMMER, PA-C, and | ) | ECF No. 149 |
| DIRECTOR SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Reconsideration of the Memorandum Opinion and Order on the Motion for Summary Judgment filed by Defendants in this action, Dr. Denise Smyth[1] ("Dr. Smyth") and Mark Hammer, PA-C ("PA Hammer") (collectively, "Medical Defendants"). (ECF No. 118.) For the following reasons, the Motion will be denied.

### A. Procedural Background

The remaining Defendants in this case filed a Motion for Summary Judgment, a Brief in support and a Concise Statement of Material Facts. (ECF Nos. 118-20.) Plaintiff then filed numerous Responses in opposition. (ECF Nos. 135, 136, 138.) The Motion was ruled upon on March 16, 2023. (ECF No. 118.) Plaintiff filed this Motion for Reconsideration, which is dated March 29, 2023, and it was docketed on April 6, 2023.

### B. Applicable Law

---

[1] Plaintiff incorrectly identifies Dr. Smyth in his Complaint as "Ms. Smith"

1

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation marks omitted).  Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration.  Harsco Corp., 779 F.2d at 909 (citing DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1980)).  Therefore, motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in controlling law; [or] (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." Federico v. Charterers Mut. Assurance Ass'n, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (quoting Fed. Deposit Ins. Corp. v. Parkway Exec. Office Ctr., Nos. Civ. A. 96-121, Civ. A. 96-122, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)) (citations omitted) (internal quotation marks omitted).  "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." McNeal v. Maritank Phila., Inc., No. Civ. A. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999) (citing Vaidya v. Xerox Corp., No. Civ. A. 97-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997)).

C. **Analysis**

The Summary Judgment Motion was filed in October 2021. Plaintiff's responses were filed in July and August of 2022. Plaintiff alleges that on March 16, 2023, he verified to the undersigned that he was without his personal property, including his legal material. This information was relayed during a mediation in two of his other cases. C.A. Nos. 19-1460 and 19-1461. He alleges that his legal documents were destroyed; however, during the mediation counsel for the Department of Corrections advised that this was not the case and the documents were simply not in Plaintiff's possession due to his current incarceration status. The present Motion further references the destruction of his television, remote control, art work and novels.

The Court is not sure what the relevance of this information is as Plaintiff filed numerous responses to the Summary Judgment Motion at issue. Plaintiff goes on to admit that he did respond to the Motion for Summary Judgment, and presents argument similar to that of his responses, that inadequate medical care was provided. He then appears to either be attempting to state a response to the Defendants' Material Statement of Facts or argue that he was not able to present a response.

Despite the confusion of these statements, the reality is that Plaintiff filed three responses to the Summary Judgment Motion. Whether or not he had his property on March 16, 2023 is not relevant as all responses were already due and had been filed. He filed a 32 page brief with 49 pages of attachments, plus an additional 2 page exhibit. (ECF Nos. 136 and 138.) Plaintiff is no stranger to summary judgment motions and is well aware that he must respond to the concise statement of material facts. The Court meticulously considered the record in this matter, including an independent review of the medical records, which are voluminous.

Noting in this Motion presents an intervening change in controlling law or new evidence not previously available.  Nor does it present a situation where it is necessary to correct a clear error of law or prevent manifest injustice. Therefore

IT IS HEREBY ORDERED this 10th day of April, 2023, that Plaintiff's Motion for Reconsideration is DENIED.

Lisa Pupo Lenihan
United States Magistrate Judge


Cc:  Jerome Junior Washington
HV-0282

SCI Rockview
Box A
1 Rockview Place
Bellefonte, PA  16823

SCI Forest
P.O. Box 945
286 Woodland Dr.
Marienville, PA  16239

Counsel for Defendants
(Via CM/ECF electronic mail)